GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
By: JENNIFER C. SIMON
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone:  (212) 637-2746
E-mail: jennifer.simon@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------x
IN RE:                                              :          DECLARATION OF
                                                    :          <u>JENNIFER C. SIMON</u>
LETTER ROGATORY FOR                                 :
INTERNATIONAL JUDICIAL                              :          M 93
ASSISTANCE FROM THE FIRST                           :
INSTANCE COURT OVER CIVIL                           :
MATTERS NO. 80 BUENOS AIRES,                        :
ARGENTINA IN THE MATTER OF                          :
DUNCAN FELIPE JORGE S/SUCESION                      :
TESTAMENTARIA                                       :
-------------------------------------------------x

       I, Jennifer C. Simon, pursuant to 28 U.S.C. § 1746, declare as follows:

       1.      I am an Assistant United States Attorney in the Office of the United States

Attorney for the Southern District of New York, counsel for the United States of America (the

"Government").  I make this declaration upon information and belief based upon the attached

exhibits and communications with personnel in the United States Department of Justice, to which

a letter rogatory has been transmitted for execution.  I make this declaration in support of the

Government's request, pursuant to 28 U.S.C. § 1782(a),[1] for an order appointing me as a

Commissioner for the purpose of obtaining information from The Bank of New York Mellon

Corporation.

---

    [1]  Section 1782(a) provides, in pertinent part, as follows:

2.     In connection with a proceeding captioned "Duncan Felipe Jorge s/ Sucesion Testamentaria," and pending in the First Instance Court over Civil Matters No. 80, Buenos Aires, Argentina (the "Argentine Court"), the Argentine Court issued a letter rogatory seeking information from The Bank of New York Mellon Corporation.  A true and correct copy of the letter rogatory (with certain information redacted in this publicly filed version for reasons of protecting personal privacy) is attached hereto as Exhibit A.  The information redacted in Exhibit A will not be redacted from the version of the letters rogatory that will be served on The Bank of New York Mellon Corporation.

3.     An undated draft of a subpoena addressed to The Bank of New York Mellon, Legal Department Corporation, 225 Liberty Street, 21st Floor New York, NY  10286,

---

The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation.  The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.  By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement.  The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing.  To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

which the Government intends to serve upon my appointment as Commissioner, is attached hereto as Exhibit B.

4.     To assist the Argentine Court in obtaining the requested information, I respectfully request that this Court appoint me as Commissioner as proposed in the *ex parte* order attached hereto as Exhibit C.  No previous application for the relief sought herein has been made.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

WHEREFORE, the United States respectfully requests that this Court enter the attached Order.

Dated: New York, New York
       August 29, 2018

/s/ JENNIFER C. SIMON
JENNIFER C. SIMON
Assistant United States Attorney

# EXHIBIT A



Ministerio de Relaciones Exteriores y Culto

Nota nro: 3512/18

Sirvase Citar  Carpe Dajin  Nº  1093/17

Buenos Aires,  2 4 ABR 2018

United States Department of justice
Civil Division
Office of International Judicial Assistance
1100- 11 th Street, N.W, Room 11006
Washington, D.C. 20530.

Re; Petition to execute rogatory letter.

This office is the Central Authority for  the Hague Convention of March 1970 on the taking of Evidence Abroad in Civil or Commercial Matters.Therefore, the attached documents are transmitted for their execution.

The rogatory letter have been ordered in the case: "DUNCAN FELIPE JORGE S/ SUCESION TESTAMENTARIA".

The object of the rogatory letter is to obtain information from the Bank of New York Mellon Corporation..

Once the  rogatory letter have been executed, we will appreciate you  sending its back  to the following address:

Ministerio de Relaciones Exteriores  y  Culto.

Dirección de Asistencia Juridica Internacional
Esmeralda 1212. 4º piso (1007)
Buenos Aires, Argentina.

Yours sincerely,

vco
Documentation attached in 6 file.

Dra. MARIA SEOANE de CHIODI
Directora de Asistencia Juridica
Internacional

MAY 2 1 2018
CIV-189-44-18-46

TRADUCCION PÚBLICA --------------------------------------------------------

CERTIFIED TRANSLATION ----------------------------------------------------

[*There is a seal that reads:*] First Instance Court in and for the City of Buenos Aires No. 80 with jurisdiction over Civil Matters. --------------------------------------------------

AMENDED DIPLOMATIC LETTER ROGATORY -----------------------------------------

**Hernán Horacio Pagés, Judge in charge of the First Instance Court in and for the City of Buenos Aires No. 80, with jurisdiction over Civil Matters, located in the City of Buenos Aires, Republic of Argentina, PRESENTS GREETINGS to the Competent Court having like jurisdiction in the State of New York, United States of America, RESPECTFULLY REQUESTS THE ASSISTANCE OF SAID COURT AND INFORMS THE FOLLOWING:**-------------------------------------------------------------------

That in case *DUNCAN FELIPE JORGE S/ SUCESIÓN TESTAMENTARIA"* (Duncan Felipe Jorge on Testate Succession), File No. 26319/2015, pending at the **First Instance Court in and for the City of Buenos Aires with Jurisdiction over Civil Matters No. 80** temporarily in the care of the undersigned, Single Office of the Court Clerk under the charge of Ignacio M. Bravo D'André, Esq., located at Av. De Los Inmigrantes 1950, piso 6.°, Ciudad Autónoma de Buenos Aires, **República Argentina**, in which case the undersigned has territorial and subject matter jurisdiction, this Letters Rogatory is issued so that Your Honor give notice upon the **The Bank of New York Mellon Corporation**, of the United States of America, and request that information be provided on the background of the following accounts: ▮▮▮▮▮▮, ▮▮▮▮ ▮▮▮▮ and ▮▮▮▮▮. The information required includes the following: origin of the accounts, whether the accounts are held in the name of the deceased – DUNCAN FELIPE JORGE – or in the name of Ms. MARÍA CATALINA LONCAN, whether jointly, indistinctly, or individually. Furthermore, it is hereby requested that the name of any and all people authorized to operate said accounts be informed, including identification of those people in the response to this Letters Rogatory. Additionally, it is requested that the above-mentioned bank inform whether the accounts holders have authorized other people to move the accounts and, in such event, identify those people in the relevant response hereto. --------------------------------------------

**JUDICIAL ORDER:** The order causing this Letters Rogatory to be issued reads as follows (relevant paragraph): *"Buenos Aires, December 19, 2016. [...] Diplomatic Letters Rogatory be issued in view of the requests made by beneficiaries Catalina Duncan and Felipe Duncan for information on the background of the following accounts:* ▮▮▮▮▮▮, ▮▮▮▮▮▮▮ *and* ▮▮▮▮. *The information required includes the following: whether the accounts are held in the name of the deceased, FELIPE JORGE DUNCAN, and/or in the name of Ms. MARÍA*

I

CATALINA LONCAN, whether jointly, indistinctly, or individually. Furthermore, it is hereby requested that the name of any and all people authorized to operate said accounts be informed. The Letters Rogatory should be issued to: (1) Bank of New York, located in the United States of America. [...] Signed: Daniel Guillermo Alioto. Judge in and for the City of Buenos Aires with Jurisdiction over Civil Matters." "Buenos Aires, February 13, 2017. In view of the requests made, the interlocutory order issued on page 485 is hereby amended to include the following: the banking institutions mentioned therein shall inform whether the accounts holders have authorized other people to move the accounts and, in such event, identify those people. Moreover, information is further requested on any people authorized to operate with the broker mentioned on page 485, notwithstanding the information on the existence of authorizations to operate the accounts held at the above-mentioned bank. Copies of the bank statements informed and added to the case file shall be attached. Signed: Daniel Guillermo Alioto. Judge in and for the City of Buenos Aires with Jurisdiction over Civil Matters." ---------------------------------------------------

"Buenos Aires, September 21, 2017. In view of the requests made and pursuant to the response added on page 669, an Amended Diplomatic Letters Rogatory be issued to correct the Letters Rogatory ordered on page 485, and it is hereby indicated that the correct name of the bank is "The Bank of New York Mellon Corporation" or "The Bank of New York Mellon". Signed: Daniel Guillermo Alioto. Judge in and for the City of Buenos Aires with Jurisdiction over Civil Matters." ---------------------------------------------------

**AUTHORIZATIONS:** It is hereby stated that Néstor Luis LLoveras, Esq., Guillermo C. Alonso Sainz, Esq., Carla Cassaglia, Esq., and/or whoever they appoint to such end, are authorized to take care of the processing hereof and submit this Letters Rogatory to the Argentine Ministry of Foreign Affairs, International Trade and Religion and withdraw the same once the processing has been completed. This Diplomatic Letters Rogatory includes the following documentation: evidence of the bank statements informed and added to the case file. ---------------------------------

Done, sealed and signed in my capacity as Judge in the City of Buenos Aires, Republic of Argentina, on March 7, 2018. ---------------------------------------------------

[*Signature.*] Hernán H. Pagés, Judge in and for the City of Buenos Aires with Jurisdiction over Civil Matters. ---------------------------------------------------

[*Signature.*] Ignacio M. Bravo d'André, Court Clerk. ---------------------------------------------------

[*There follows a seal that reads:*] Honorable Court of Appeals with Jurisdiction over Civil Matters in and for the City of Buenos Aires, capital city of the Republic of Argentina. Certifications. The Court of Appeals in and for the City of Buenos Aires with Jurisdiction over Civil Matters certifies, in Buenos Aires, on March 8, 2018, that the signature and seal appearing

above are similar to those registered in our records. [*There follow a signature and seal that reads:*] Sandra L. D'Alessandro; *Ad Hoc* Administrative Deputy Clerk. Certifications; Court of Appeals with Jurisdiction over Civil Matters.----------------------------------------------------------

[*Next page:*] WRITTEN COMMUNICATION FROM JUDGE ----------------------------------

Buenos Aires, March 7, 2018 --------------------------------------------------------------------

[*On the right margin there is a seal that reads:*] First Instance Court in and for the City of Buenos Aires No. 80 with jurisdiction over Civil Matters. --------------------------------------------

To the Minister of Foreign Affairs, International Trade and Religion of the Republic of Argentina ------------------------------------------------------------------------------------------

Dear Sir, ----------------------------------------------------------------------------------------------

I have the honor to address you with reference to case "*DUNCAN FELIPE JORGE S/ SUCESIÓN TESTAMENTARIA*" (Duncan Felipe Jorge on Testate Succession), File No. 26319/2015, pending at this **First Instance Court in and for the City of Buenos Aires with Jurisdiction over Civil Matters No. 80** in my care, Single Office of the Court Clerk under the charge of Ignacio M. Bravo D'André, Esq., located at Av. De Los Inmigrantes 1950, piso 6.º, Ciudad Autónoma de Buenos Aires, in which case this Written Judicial Communication is issued for the purposes of attaching a Letters Rogatory for transmission via diplomatic channels to the Court of like Jurisdiction in the City of New York, United States of America. ----------------------

It is hereby stated that Néstor Luis LLoveras, Esq., Guillermo C. Alonso Sainz, Esq., Carla Cassaglia, Esq., and/or whoever they appoint to such end, are authorized to take care of the processing hereof. ------------------------------------------------------------------------------------

Yours faithfully, [*Signature.*] Hernán H. Pagés, Judge in and for the City of Buenos Aires with Jurisdiction over Civil Matters. -------------------------------------------------------------------------

This is a true translation into English of the document (original) written in Spanish attached hereto. The translation is printed in three pages. Buenos Aires, March 15, 2018.----------------------

[*For certification purposes only:*] Es traducción fiel al idioma inglés del documento (original) redactado en idioma castellano el cual adjunto y al cual me remito. La traducción consta de tres páginas impresas simple faz. Buenos Aires, 15 de marzo de 2018.---------------------------------------

COLEGIO DE TRADUCTORES PUBLICOS
DE LA CIUDAD DE BUENOS AIRES
Corresponde a la Legalización

N° 1286/18
MATÍAS GERMÁN DUARTE

CAROLINA I. TOMASSINI
Traductora Pública
Idioma Inglés
Mat. Tº XV Fº 117 Capital Federal
Inscrip. C.T.P.C.B.A. Nº 4339

3



# COLEGIO DE TRADUCTORES PÚBLICOS
# DE LA CIUDAD DE BUENOS AIRES

República Argentina
Ley 20305

# LEGALIZACIÓN

Por la presente, el COLEGIO DE TRADUCTORES PÚBLICOS DE LA CIUDAD DE BUENOS AIRES,

en virtud de la facultad que le confiere el artículo 10 inc. d) de la ley 20305, certifica únicamente que

la firma y el sello que aparecen en la traducción adjunta concuerdan con los correspondientes

al/a la Traductor/a Público/a    TOMASSINI, CAROLINA INÉS

que obran en los registros de esta institución, en el folio     del Tomo     en el idioma

117          15          INGLÉS

Legalización número:   **19286**

Buenos Aires,   16/03/2018



MARCELO F. SIGALOFF
Gerente de Legalizaciones
Colegio de Traductores Públicos
de la Ciudad de Buenos Aires

ESTA LEGALIZACIÓN NO SE CONSIDERARÁ VÁLIDA SIN EL CORRESPONDIENTE
TIMBRADO DE CONTROL EN LA ÚLTIMA HOJA DE LA TRADUCCIÓN ADJUNTA

Control interno:   37353919286

37353919286

By virtue of the authority vested in the COLEGIO DE TRADUCTORES PÚBLICOS DE LA CIUDAD DE BUENOS AIRES (Buenos Aires Sworn Translators Association) by Argentine law No. 20 305 section 10(d), I hereby CERTIFY that the seal and signature affixed on the attached translation are consistent with the seal and signature on file in our records.
The Colegio de Traductores Públicos de la Ciudad de Buenos Aires only certifies that the signature and seal on the translation are genuine; it will not attest to the contents of the document.
THIS CERTIFICATION WILL BE VALID ONLY IF IT BEARS THE PERTINENT CHECK STAMP ON THE LAST PAGE OF THE ATTACHED TRANSLATION.

Vu par le COLEGIO DE TRADUCTORES PÚBLICOS DE LA CIUDAD DE BUENOS AIRES (Ordre des Traducteurs Officiels de la ville de Buenos Aires), en vertu des attributions qui lui ont été accordées par l'article 10, alinéa d) de la Loi n° 20.305, pour la seule légalisation matérielle de la signature et du sceau du Traductor Público (Traducteur Officiel) apposés sur la traduction du document ci-joint, qui sont conformes à ceux déposés aux archives de cette Institution.
LE TIMBRE APPOSÉ SUR LA DERNIÈRE PAGE DE LA TRADUCTION FERA PREUVE DE LA VALIDITÉ DE LA LÉGALISATION.

Il COLEGIO DE TRADUCTORES PÚBLICOS DE LA CIUDAD DE BUENOS AIRES (Ordine dei Traduttori abilitati della Città di Buenos Aires) CERTIFICA ai sensi dell'articolo 10, lettera d) della legge 20.305 che la firma e il timbro apposti sulla qui unita traduzione sono conformi alla firma e al timbro del Traduttore abilitato depositati presso questo Ente. Non certifica il contenuto della traduzione sulla quale la certificazione è apposta.
LA VALIDITÁ DELLA PRESENTE CERTIFICAZIONE È SUBORDINATA ALL'APPOSIZIONE DEL TIMBRO DI CONTROLLO DEL CTPCBA SULL'ULTIMA PAGINA DELL'ALLEGATA TRADUZIONE.

Por meio desta legalização, o COLEGIO DE TRADUCTORES PÚBLICOS DE LA CIUDAD DE BUENOS AIRES (Colégio dos Tradutores Públicos da Cidade de Buenos Aires), no uso de suas atribuições e em conformidade com o artigo 10, alínea "d", da Lei 20.305, somente reconhece a assinatura e o carimbo do Tradutor Público que subscreve a tradução em anexo por semelhança com a assinatura e o carimbo arquivados nos registros desta instituição.
A PRESENTE LEGALIZAÇÃO SÓ TERÁ VALIDADE COM A CORRESPONDENTE CHANCELA MECÂNICA APOSTA NA ÚLTIMA FOLHA DA TRADUÇÃO.

COLEGIO DE TRADUCTORES PÚBLICOS DE LA CIUDAD DE BUENOS AIRES (Kammer der vereidigten Übersetzer der Stadt Buenos Aires). Kraft der Befugnisse, die ihr nach Art. 10 Abs. d) von Gesetz 20.305 zustehen, bescheinigt die Kammer hiermit lediglich die Übereinstimmung der Unterschrift und des Siegelabdruckes auf der beigefügten Übersetzung mit der entsprechenden Unterschrift und dem Siegelabdruck des vereidigten Übersetzers (Traductor Público) in unseren Registern.
DIE VORLIEGENDE ÜBERSETZUNG IST OHNE DEN ENTSPRECHENDEN GEBÜHRENSTEMPEL AUF DEM LETZTEN BLATT DER BEIGEFÜGTEN ÜBERSETZUNG NICHT GÜLTIG.

**EXHORTO DIPLOMÁTICO AMPLIATORIO.-**

**DR. HERNAN HORACIO PAGÉS, JUEZ NACIONAL DE PRIMERA INSTANCIA EN LO CIVIL, INTERINAMENTE A CARGO DEL JUZGADO NÚMERO 80, DE LA CAPITAL FEDERAL, REPÚBLICA ARGENTINA.**

**AL SEÑOR JUEZ QUE CORRESPONDA, CON JURISDICCIÓN Y COMPETENCIA CIVIL EN EL ESTADO DE NEW YORK, ESTADOS UNIDOS DE NORTEAMÉRICA, SALUDA, EXHORTA Y HACE SABER:**

Que por ante este **Juzgado Nacional de Primera Instancia en lo Civil N° 80**, interinamente a cargo del suscripto, Secretaría Única a cargo del Dr. Ignacio M. Bravo D´André, competente en razón de la materia y jurisdicción, con sede en Av. De Los Inmigrantes 1950, piso sexto, de esta Ciudad Autónoma de Buenos Aires, **República Argentina**, tramitan los autos caratulados **"DUNCAN FELIPE JORGE S/ SUCESION TESTAMENTARIA"**, Expediente N° 26319/2015, en los cuales se ha dispuesto librar la presente rogatoria, a fin que V.S. oficie a **"The Bank of New York Mellon Corporation"**, de los Estados Unidos de Norteamérica, a efectos de que tengan a bien informar acerca de todos los antecedentes de las cuentas identificadas con los números ▓▓▓ ▓▓▓▓ —antecedente de la cuenta ▓▓▓▓▓ y ▓▓▓▓▓ debiendo hacer saber sus orígenes, si están a nombre del causante - DUNCAN FELIPE JORGE- o de la Sra. MARÍA CATALINA LONCAN, ya sea en forma conjunta, indistinta o individual, ampliándose tal requerimiento sobre todas las personas que figuren como autorizadas para operarlas. Debiendo en su caso dar cuenta de la identificación de dichas personas en la contestación del exhorto librado. En otro orden, deberá informar la entidad bancaria si los titulares de las cuentas autorizaron a otras personas para el movimiento de las mismas, en cuyo caso se identifiquen a aquellas en la contestación correspondiente. ------------------

**AUTOS ORDENATORIOS:** La resolución que ordena el presente, en su parte pertinente, es la siguiente: *"Buenos Aires, 19 de diciembre de 2016. ... Atento lo solicitado por los herederos Catalina Duncan y Felipe Duncan, a fin de que se informe sobre todos los antecedentes de la cuenta ▓▓▓▓ (antecedente de la cuenta ▓▓▓▓) y de la cuenta Nro ▓▓▓, sobre si éstas se encuentran a nombre del causante FELIPE JORGE DUNCAN y/o de María Catalina Loncan —sea en forma conjunta, indistinta o individual- y sobre todas las personas que figuren autorizadas para operarlas , líbrense sendos exhortos diplomáticos a: 1) Bank of New York, sito en los Estados Unidos de Norteamérica. ...Fdo: Daniel Guillermo Alioto. Juez Nacional en lo Civil".------*

*"Buenos Aires, 13 de febrero de 2017.- Atento lo solicitado, amplíase el proveído a de fs. 485 en el sentido que las instituciones bancarias allí mencionadas deberán informar si los titulares de las cuentas autorizaron a otras personas para el movimiento de las mismas, en cuyo caso deberán identificarse. Asimismo, hágase constar que deberán informar si obran personas autorizadas para la operatoria por ante el citado bróker a fs.485, sin perjuicio de informar si existen autorizaciones para operar en las cuentas del banco señalado.-Hágase saber que deberá adjuntarse copia de los extractos denunciados y acompañados en autos. Fdo: Daniel Guillermo Alioto. Juez Nacional en lo Civil"* .-------------------------------------------------------------

*"Buenos Aires, 21 de septiembre de 2017. Atento lo solicitado, lo que surge de la contestación de fs. 669, líbrese exhorto diplomático ampliatorio del dispuesto a fs. 485, haciéndose constar que el nombre correcto de la institución bancaria es "The Bank of New York Mellon Corporation" o "The Bank of New York Mellon"...Fdo: Daniel Guillermo Alioto. Juez Nacional en lo Civil".*--------------

**AUTORIZACIONES**: Los Dres. Néstor Luis Lloveras, Guillermo C. Alonso Sainz, Carla Cassaglia y/o quienes estos designen quedan autorizados para presentar este exhorto ante el Ministerio de Relaciones Exteriores, Comercio Internacional y Culto y retirarlo una vez concluido su trámite. Forma parte del cuerpo de la rogatoria la siguiente documentación: constancias de los extractos de las cuentas denunciados y acompañados en los autos de referencia.-------------

Dado, sellado y firmado en la sala de mi público despacho, en la Ciudad Autónoma de Buenos Aires, República Argentina, a los....?....días del mes de marzo del año 2018.-------------------------------------------------------------

IGNACIO M. BRAVO SAINZ
SECRETARIO

HERNÁN H. PAGES
JUEZ NACIONAL EN LO CIVIL

CAROLIN.
Trad.
Idi
Mat. T° XV
Inscrip.

LA CAMARA NACIONAL DE APELA-
CIONES EN LO CIVIL CERTIFICA EN

Bs. As.      0 8 MAR 2018

QUE LA FIRMA Y SELLO QUE ANTECE-
DEN GUARDAN SIMILITUD CON LAS
CONSTANCIAS DE NUESTRO REGISTRO

CAROLINA I. T
Traductora P
Idioma Ing
Mat. T° XV 3° 117 C.
Inscrip.

SANDRA L. D'ALESSANDRO
PROSECRETARIA ADMINISTRATIVA AD-HOC
LEGALIZACIONES CAMARA CIVIL

**OFICIO JUDICIAL.-**

Buenos Aires, 7 de marzo de 2018.-

Al Sr. Ministro de Relaciones Exteriores

Comercio Internacional y Culto de la Nación

S _____ / _____ D

Tengo el agrado de dirigirme a Usted en los autos caratulados **"DUNCAN FELIPE JORGE S/ SUCESION TESTAMENTARIA"**, Expediente N° 26319/2015, que tramitan por ante este Juzgado Nacional de Primera Instancia en lo Civil N° 80 de la Capital Federal, a mi cargo, Secretaría única a cargo del Dr. Ignacio M. Bravo D´André, con asiento en la calle Av. De Los Inmigrantes 1950, piso sexto, de esta Ciudad Autónoma de Buenos Aires, en los cuales se ha dispuesto librar el presente oficio a fin de adjuntar exhorto para tramitar por la vía diplomática ante la Justicia de igual clase en la de Ciudad de Nueva York, Estados Unidos de Norteamérica.---------

Se encuentran autorizados para el diligenciamiento del oficio Néstor Luis Lloveras, Guillermo C. Alonso Sainz, Carla D. Cassaglia y/o quienes los mismos designen. --

Saluda a Ud. atentamente.-

HERNÁN H. PAGÉS
JUEZ NACIONAL EN LO CIVIL

EXHIBIT B

# UNITED STATES DISTRICT COURT
for the

Southern District of New York

| | |
|---|---|
| IN RE: Letter Rogatory for International Judicial Assistance from the First Instance Court over Civil Matters No. 80 Buenos Aires, Argentina, in the Matter of Duncan Felipe Jorge s/ Sucesion Testamentaria ) ) ) ) ) ) | Civil Action No. M 93 |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: The Bank of New York Mellon Corporation
Attn: Legal Department, 225 Liberty Street, 21st Floor, New York, NY 10286
*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment: The matters to be covered during the deposition are set forth in the Execution Affidavit attached hereto as Rider A. If you complete the Execution Affidavit, sign the last page before a notary public, and return it to the Assistant United States Attorney below on or before _____ __, 2018, you may not need to appear for the deposition.

| Place: U.S. Attorney's Office, Southern District of New York 86 Chambers Street, 3rd Floor, New York, NY 10007 | Date and Time: |
|---|---|

The deposition will be recorded by this method: ___Stenography___

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: Document and information pursuant to the Execution Affidavit attached hereto as Rider A.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

_____ *CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* U.S.A. on behalf of First Instance Court over Civil Matters No. 80 Buenos Aires, Argentina , who issues or requests this subpoena, are:

Jennifer C. Simon, Assistant United States Attorney, U.S. Attorney's Office for the Southern District of New York, 86 Chambers Street, 3rd Floor, New York, NY 10007. Email: jennifer.simon@usdoj.gov. Tel.: 212-637-2746

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.  M 93

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*  The Bank of New York Mellon Corporation

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____  on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00  .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Rider A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
IN RE:                                      :
                                            :
LETTER ROGATORY FOR                         :
INTERNATIONAL JUDICIAL                      :
ASSISTANCE FROM THE FIRST                   :
INSTANCE COURT OVER CIVIL                   :
MATTERS NO. 80 BUENOS AIRES,                :
ARGENTINA IN THE MATTER OF                  :
DUNCAN FELIPE JORGE S/SUCESION              :
TESTAMENTARIA                               :
-------------------------------------------------------x

## EXECUTION AFFIDAVIT OF LETTER ROGATORY

I, _____, a representative of The Bank of New York Mellon

Corporation, state as follows under oath:

I have been furnished by the United States Attorney for the Southern District of New

York with a copy of a letter rogatory issued pursuant to the Hague Convention on the Taking of

Evidence Abroad in Civil and Commercial Matters.   The letter rogatory seeks information from

The Bank of New York Mellon Corporation in New York, New York, regarding a civil case

captioned, "Duncan Felipe Jorge s/ Sucesion Testamentaria," pending before the First Instance

Court over Civil Matters No. 80, Buenos Aires, Argentina.

The following are my responses to the questions contained in the letter rogatory.   These

responses based upon personal knowledge and the information provided to me as a

representative of The Bank of New York Mellon Corporation.

Question 1):

Information be provided on the background of the following accounts: ██████████, ████ ████ and ████████.

Response to Question 1):

<u>Question 2):</u>

The information required includes the following: origin of the accounts, whether the accounts are held in the name of the deceased, Duncan Felipe Jorge, or in the name of Ms. Maria Catalina Loncan, whether jointly, indistinctly, or individually.

<u>Response to Question 2):</u>

Furthermore, it is hereby requested that the name of any and all people authorized to operate said accounts be informed, including identification of those people in the response to this Letter Rogatory.

Response to Question 3):

Additionally, it is requested that the above-mentioned bank inform whether the accounts holders have authorized other people to move the accounts and, in such event, identify those people in the relevant response hereto.

Response to Question 4):

I declare under penalty of perjury that the information contained in this Execution

Affidavit of Letter Rogatory is true and correct.

Dated: _____ _____, 2018


_____
(Signature)


_____
(Print Name)
A Representative of The Bank of New York
Mellon Corporation


Executed this ____ day of
_____, 2018




_____
Notary Public

EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------x

| | | |
|---|---|---|
| IN RE: | : | *EX PARTE* ORDER |
| | : | |
| LETTER ROGATORY FOR | : | M 93 |
| INTERNATIONAL JUDICIAL | : | |
| ASSISTANCE FROM THE FIRST | : | |
| INSTANCE COURT OVER CIVIL | : | |
| MATTERS NO. 80 BUENOS AIRES, | : | |
| ARGENTINA IN THE MATTER OF | : | |
| DUNCAN FELIPE JORGE S/SUCESION | : | |
| TESTAMENTARIA | : | |

---------------------------------------------------x

WHEREAS, the United States of America, by its attorney, Geoffrey S. Berman, United States Attorney for the Southern District of New York, on behalf of the First Instance Court over Civil Matters No. 80, Buenos Aires, Argentina, is seeking to obtain information from The Bank of New York Mellon Corporation in New York, New York, for use in connection with a judicial proceeding pending in that court captioned "Duncan Felipe Jorge s/ Sucesion Testamentaria";

NOW THEREFORE, it is hereby ORDERED, pursuant to 28 U.S.C. § 1782(a) and Rule 28(a) of the Federal Rules of Civil Procedure, that Jennifer C. Simon, Assistant United States Attorney, Southern District of New York, be and hereby is appointed as Commissioner, to take such lawful steps as are necessary to obtain information from The Bank of New York Mellon Corporation and to submit said information to the United States Attorney for the Southern District of New York for transmission to the United States Department of Justice or its designee.

IT IS FURTHER ORDERED that the United States Attorney's Office shall serve The Bank of New York Mellon Corporation with a copy of this Order and the accompanying documents.

Dated: New York, New York
       _____ \_\_\_\_, 2018

_____
UNITED STATES DISTRICT JUDGE